OPINION
{¶ 1} As a result of touching the genitals of three children under the age of thirteen, Defendant was indicted on seven counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). Pursuant to a plea agreement Defendant entered pleas of guilty to counts one, three and six. In exchange, the State dismissed the remaining charges and recommended that the sentences for counts three and six run concurrently. The trial court sentenced Defendant to four year prison terms on each count with counts three and six to run concurrently with each other but consecutive to count one for a total sentence of eight years.
 {¶ 2} Defendant timely appealed to this court from his conviction and sentence. His appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, claiming that he could not find any meritorious issue for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record.Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 3} Defendant's appellate counsel has identified one potential issue for appeal:
 {¶ 4} "THE TRIAL COURT ERRED IN NOT RUNNING ALL THE COUNTS CONCURRENT WITH ONE ANOTHER."
 {¶ 5} Defendant argues that the trial court erred in imposing consecutive sentences, citing Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Defendant's offenses are felonies of the third degree. R.C. 2907.05(B)(2). The minimum prison term for third degree felonies is one year. R.C. 2929.14(A)(3). The trial court in this case justified its greater than minimum sentence of four years on each count on findings the court made pursuant to R.C. 2929.14(B)(2), that a minimum sentence would demean the seriousness of these offenses, and not adequately protect the public from future crime by Defendant. The trial court further justified ordering that some of the sentences be served consecutively on findings the court made pursuant to R.C.2929.14(E)(4).
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court held that the findings the court is mandated by R.C. 2929.14(B) and (E)(4) to make prior to imposing greater than minimum and consecutive sentences violate a defendant's Sixth Amendment right to a jury trial per Blakely. Id., at ¶ 61, 67. Sentences thus imposed must be reversed and the case remanded for resentencing pursuant toFoster if an appeal was pending when Foster was decided. Id., at ¶ 104.
 {¶ 7} Foster was decided on February 27, 2006. Defendant filed his notice of appeal to this court on January 21 2005. He is therefore entitled to the benefit that Foster confers on the error he assigns.Id., at ¶ 104.
 {¶ 8} In addition to reviewing the possible issue raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit.
 {¶ 9} Defendant's assignment of error is sustained. Defendant's convictions will be affirmed but the sentences imposed by the trial court will be reversed and the case remanded for resentencing perFoster.
WOLFF, P.J. And BROGAN, J., concur.